IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LAURIE REXRODE, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| V. § | CASE NO: _____ | |
| § | **JURY TRIAL DEMANDED** | |
| SAVVAS LEARNING COOMPANY, § | | |
| LLC, § | | |
| Defendant. § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF THE COURT:

Plaintiff, LAURIE REXRODE, hereby sues Defendant, SAVVAS LEARNING COMPANY, LLC, and for cause would show the following:

### I. PARTIES

1.  Plaintiff, LAURIE REXRODE ("Plaintiff" or "Ms. Rexrode"), is a resident of the State of Texas and resides in Bexar County, Texas.

2.  Defendant, SAVVAS LEARNING COOMPANY, LLC ("Savvas" or "Defendant") is a foreign for-profit corporation and may be served by serving its registered agent, CT Corporation System, at 1999 Bryan St. Suite 900, Dallas, Texas 75201.

### II. JURISDICTION AND VENUE

3.  This court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1343. Venue properly lies within the Western District of Texas under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's

claims occurred in this district.

### III. PREREQUISITES TO FILING SUIT

4. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission April 1, 2022. The Commission issued its Notice of Right to Sue on December 7, 2022 and Plaintiff received the notice by regular mail on December 13, 2022. All administrative and procedural prerequisites to filing this suit have been satisfied.

### IV. FACTS

5. Ms. Rexrode began her employment with Savvas Learning Company, LLC, in May of 2014. She was hired in the capacity of Literacy Specialist.

6. On June 10, 2021, Defendant informed its employees via an email sent by its CEO, Kevin Blokker, that the company was relaxing its COVID-19 related precautions and would "no longer require Senior Team approval to go on site" and that the company would "no longer request documentation from districts regarding their Covid policies".

7. On September 13, 2021, Defendant notified its employees, including Ms. Rexrode, that Defendant would require all employees to be fully vaccinated by November 5, 2021.

8. On September 30, 2021, Ms. Rexrode drafted a letter in which she informed Defendant of her sincerely held religious belief that conflicted with Defendant's vaccination requirement, requesting a religious accommodation. On October 13, 2021, Ms. Rexrode submitted her September 30, 2021 request for a religious accommodation to Defendant.

9. In her letter, Ms. Rexrode informed Defendant of her sincere belief in the sanctity of all human life and that she could not accept any of the available Covid-19 vaccines because all of these products used abortion-derived cell lines in either their confirmation and testing stage of

development, or in their production process. She further informed Defendant that any use of such products was in direct conflict with God's law which states that "Thou shalt not murder."

10. On November 5, 2021, Defendant notified Ms. Rexrode that her request for a religious accommodation was denied, stating the following:

> "… your request to be exempt cannot be accommodated without undue hardship to the Company. I have confirmed that your position is not virtual as you will be needed in the office for meetings, training, and in the field, if requested. The Company is concerned about the risk of the spread of COVID-19 to other employees, our customers, and to the public. Your position cannot be conducted remotely, especially as school districts begin to request in-person meetings and an increasing number of school districts require our employees to be vaccinated, and the Company needs to plan for these upcoming meetings. By not being vaccinated, your customer visits will need to be conducted by other employees, which will negatively impact customer service and increase the burden on your co-workers."

11. Contrary to the assertions made in the denial notice, Ms. Rexrode had been working on a remote basis since 2017 and was approved indefinitely for fully remote work in 2019.

12. On November 11, 2022, Ms. Rexrode informed Defendant that she had been a remote or fully remote employee, was travelling to and meeting with individuals only less than one percent of the time, and that even those occasions were voluntary.

13. Ms. Rexrode also requested the option to test before traveling or meeting with other employees, if and when required, as a reasonable accommodation. She also requested the option to wear a mask.

14. Defendant knew that Plaintiff's position was in inside sales, that onsite visits were not required of inside sales specialists, and that none of the Texas school districts that Plaintiff serviced required vendors, such as Plaintiff, to be vaccinated.

15. In spite of the fact that all of Defendant's trainings had been conducted virtually since Savvas acquired Pearson in 2019, Defendant suddenly changed to requiring onsite trainings

so as to bolster the alleged need for employees to be vaccinated, all despite Defendant's awareness of the fact that vaccinated persons can still spread the disease and become infected themselves.

16. On November 12, 2021, Ms. Rexrode further informed Defendant that her sincerely held Christian beliefs do not allow her to:

> "…have a biological substance injected into my body. My blood is sacred and life is found in the blood. My own salvation was bought and paid for by the blood of Jesus Christ and I CANNOT taint my own blood with potentially harmful vaccines. The Bible warns against this type of pharmakeia, and I will not violate my sincerely-held Christian beliefs."

17. Defendant refused to engage in the interactive process in order to determine the sincerity or religious nature of Ms. Rexrode's beliefs. Defendant made no attempt to question – and did not question – the sincerity or religious nature of her beliefs, or to find a reasonable accommodation for Plaintiff's beliefs.

18. On November 15, 2021, Defendant denied Ms. Rexrode's November 12, 2021 religious accommodation request. On that same day, Defendant's senior vice president, Kevin Blokker, admitted in an email to Plaintiff that Defendant "has never called into question" Plaintiff's sincerely held religious beliefs.

19. Defendant terminated Plaintiff's employment on November 19, 2021.

### V. CAUSE OF ACTION
### Count 1: Violation of the 42 U.S.C. § 2000e-2, et seq.
### Religious discrimination—failure to accommodate

20. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

21. Plaintiff timely informed Defendant of Plaintiff's conflicting sincerely held religious beliefs that prevented her from accepting the Covid-19 vaccine into her body.

23. Defendant failed to engage in the interactive process with Plaintiff in order to evaluate either the sincerity or the religious nature of Plaintiff's conflicting beliefs. In fact, Defendant never questioned Plaintiff's beliefs. Accordingly, Plaintiff carried her *prima facie* burden of establishing the sincerity and religious nature of her conflicting beliefs.

24. Defendant failed to carry its burden of establishing that it either offered a reasonable accommodation for Plaintiff's conflicting and sincerely held religious beliefs, or that it was unable to do so without incurring more than a *de minimis* cost. Instead, Defendant deliberately chose to excuse its failure to accommodate Plaintiff with alleged explanations that it knew to be untrue at the time they were made. Specifically, Defendant falsely alleged that:

   a. Plaintiff's position was "not virtual" because Plaintiff "will be needed in the office for meetings, training, and in the field, *if requested*";

   b. Defendant was "concerned about the risk of the spread of COVID-19 to other employees, our customers, and to the public";

   c. Plaintiff's work "cannot be conducted remotely";

   d. That by Plaintiff "not being vaccinated, [her] customer visits will need to be conducted by other employees".

25. By failing to engage in the interactive process in order to evaluate the sincerity or religious nature of Plaintiff's conflicting beliefs, and by failing to offer a reasonable accommodation, Defendant discriminated against Plaintiff on the basis of Plaintiff's religion in violation of Plaintiff's rights under Title VII of the Civil Rights Act of 1964.

26. By knowingly stating false or fabricated reasons as to why Defendant Plaintiff's unvaccinated status would impose an undue burden of Defendant's business operations, Defendant acted recklessly, in bad faith, and in conscious disregard of Plaintiff's rights under Title VII of the Civil Rights Act of 1964, supporting an award of punitive damages.

**Count 2: Violation of the 42 U.S.C. § 2000e-2, et seq.**
**Religious discrimination—retaliation**

27. Plaintiff restates the foregoing paragraphs as if set forth fully herein.

28. Plaintiff engaged in protected activity when she requested a religious accommodation from Defendant's vaccine mandate.

29. Defendant responded to Plaintiff's protected activity by terminating her. This constituted a materially adverse employment action that was intended to force Plaintiff to forgo her religious convictions for not receiving the COVID-19 vaccine and might well have dissuaded other employees from asserting their religious rights.

30  Plaintiff's conflicting religious beliefs and protected activity were the causes of Defendant's adverse employment action.

31. By retaliating against Plaintiff for engaging in protected activity, Defendant has violated Title VII of the Civil Rights Act of 1964.

## VI. DAMAGES

A. **Compensatory Damages:**

32. By terminating Plaintiff, Defendant caused Plaintiff to incur compensatory damages in an amount in excess of the jurisdictional limits of this Court. Plaintiff has suffered past and future lost wages, past and future loss of earnings capacity, lost benefits, past and future mental anguish, inconvenience, and loss of enjoyment of life as a direct result of Defendant's unlawful actions against her.  Plaintiff suffered these injuries as the result of Defendant's actions and in all reasonable probability will continue to suffer these injuries in the future.

### B. Punitive Damages:

33. Because Defendant terminated Plaintiff under false pretenses as set out above, Defendant acted recklessly, maliciously, and in conscious disregard of Plaintiff's rights, authorizing punitive damages.

## VII. ATTORNEYS FEES

34. Plaintiff requests this Court award her reasonable and necessary attorney fees and costs. Plaintiff retained the Woodfill Law Firm, PC, to represent her in this action and has agreed to pay reasonable and necessary attorney's fees.

**WHEREFORE**, Plaintiff, LAURIE REXRODE, respectfully requests that the Court cite Defendant, SAVVAS LEARNING COMPANY, LLC, to appear and answer herein, that the Court, after final trial hereof,

A. Find that Defendant has violated Title VII and the ADA by failing to engage in the interactive process in response to requests for accommodations to its COVID-19 vaccine mandate.

B. Find that Defendant has violated Title VII and the ADA by discriminating against its employees by failing to provide reasonable accommodations to its COVID-19 vaccine mandate.

C. Find that Defendant has violated Title VII and the ADA by retaliating against employees, such as Plaintiff, who engaged in protected activity.

D. Award Plaintiff damages, including back pay, front pay, pre-judgment and post-judgment interest, punitive damages, and compensatory damages, and such other and further relief, at law and at equity, to which Plaintiff may show herself entitled.

Respectfully submitted,

**WOODFILL LAW FIRM, P.C.**

*/s/ Jared Woodfill*
Jared R. Woodfill
Texas Bar Number 00788715
Federal Bar Number 17069
Email: woodfillservice@gmail.com (service only)
Email: jwoodfill@woodfilllaw.com (non-service only)
3 Riverway, Suite 750
Houston, Texas 77056
(713) 751-3080 Telephone
(713) 751-3058 Facsimile
*Attorneys for Plaintiff*